IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROBERT E. WOODWARD,**                                                              **PLAINTIFF**
ADC #0452670

V.                    CASE NO. 5:19-CV-48-KGB-BD

**WENDY KELLEY,** *et al.*                                                           **DEFENDANTS**

RECOMMENDED DISPOSITION

I.    Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

II.   Discussion

Robert E. Woodward was an Arkansas Department of Correction ("ADC") inmate when he filed this civil rights lawsuit on January 30, 2019. (Docket entry #2) On March 14, 2019, the parties filed a joint motion to dismiss all claims based on a settlement agreement. (#13) On March 26, Mr. Woodward filed a Motion to Withdraw Settlement, explaining that he had not been transferred to the North Carolina Department

of Correction ("NCDC") as required under the terms of the parties' settlement agreement. (#16)

Defendants have responded to Mr. Woodward's motion to withdraw, explaining that, on March 15, 2019, the ADC delivered Mr. Woodward to the custody of the U.S. Marshal Service to be transported to the West Tennessee Federal Detention Center while en route to the Alexander Correctional Institute in Taylorsville, North Carolina. (#17-6 at p.1)

According to the terms of the parties' agreement, Mr. Woodward was to be taken into North Carolina custody prior to midnight on March 21, 2019. Due to unanticipated delays, however, Mr. Woodward was not officially transferred from ADC custody to NCDC custody until 1:42 a.m. on March 22, 2019. (#17-4 at p.3; #17-5 at p.2; #17-6 a p.2) This delay of less than two hours in delivering Mr. Woodward to the custody of the NCDC is not a material breach of the parties' settlement agreement and is not cause to grant Mr. Woodward's motion to withdraw from the agreement.

### III.   Conclusion

The Court recommends that the parties' joint motion to dismiss this lawsuit (#13) be GRANTED, and the case DISMISSED, with prejudice. Mr. Woodward's motion to withdraw from the settlement agreement (#16) should be DENIED.

DATED this 10th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE